UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 21, 2024

LETTER TO COUNSEL

      RE:    *Kelly S. v. Commissioner, Social Security Administration*
             Civil No. SAG-23-1938

Dear Counsel:

On July 20, 2023, Plaintiff petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for benefits. ECF No. 1. After reviewing the parties' briefs (ECF Nos. 9, 13, 16), I have determined that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under these standards, I will affirm the SSA's decision. This letter explains my rationale.

## I.    PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits on April 27, 2020, alleging a disability onset date of November 14, 2018. Tr. 11. The claim was denied initially and on reconsideration. *Id.* After holding a hearing, an Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled during the relevant time frame. Tr. 8–28. The Appeals Council denied Plaintiff's request for review, Tr. 1–7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.    THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The SSA evaluates disability claims using a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, at step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since the alleged onset of her disability. Tr. 14. At step two, the ALJ found that Plaintiff "has the

following severe impairments: post laminectomy syndrome; spondylosis and degenerative disc disease of the lumbar spine; diabetes mellitus, type 2; peripheral neuropathy; chronic pain syndrome (CPS); and obesity." *Id*. The ALJ also found that Plaintiff's major depressive disorder is non-severe. Tr. 15. At step three, the ALJ found that Plaintiff does not have "an impairment or combination of impairments that meets or medically equals the severity of" a listed impairment. Tr. 17. The ALJ then found that Plaintiff has the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) with the following exceptions: never climbing ladders, ropes, or scaffolds; occasionally climbing ramps or stairs; occasionally balancing, stooping, kneeling, crouching, or crawling; frequently handling, fingering, or feeling with the bilateral upper extremities; occasionally operating foot controls with the bilateral lower extremities; and [can] never be exposed to hazards, such as dangerous moving machinery and unprotected heights.

Tr. 19. At steps four and five, the ALJ found that Plaintiff is "capable of performing [her] past relevant work" and made the "alternative" finding that Plaintiff can also perform jobs existing in significant numbers in the national economy. Tr. 22–23. The ALJ concluded that Plaintiff is not disabled. Tr. 23.

### III. LEGAL STANDARDS

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The [ALJ's] findings . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id*. In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ analyzed the relevant evidence and sufficiently explained their decision. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### IV. ANALYSIS

Plaintiff argues that the ALJ erred by failing to assess her ability to sit, stand, walk, lift, and carry pursuant to Social Security Ruling ("SSR") 96-8p. ECF No. 9 at 7–17. Defendant counters that remand is not warranted because the ALJ's rationale for their RFC findings "can reasonably be discerned[.]" ECF No. 13 at 1.

A claimant's RFC represents "the most [they] can still do despite [their] limitations." 20 C.F.R. § 404.1545(a). RFC is expressed in terms of a claimant's ability to do "sustained work-related physical and mental activities in a work setting" for "8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). When assessing RFC, an ALJ "must first identify the individual's functional limitations or restrictions and assess

his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945." *Id.*

Here, the ALJ did not explicitly assess Plaintiff's exertional capabilities on a function-by-function basis. Nevertheless, the ALJ's RFC assessment finds support in the weight that the ALJ assigned to the RFC assessments conducted by Drs. Harris and Boas. Tr. 21 (citing Exhibits 2A, 4A). In their respective assessments, Drs. Harris and Boas opined that Plaintiff was limited to: (1) occasionally lifting and/or carrying twenty pounds; (2) frequently lifting and/or carrying ten pounds; (3) standing and/or walking for about six hours during a workday; (4) sitting for about six hours during a workday; and (5) unlimited pushing and/or pulling. Tr. 76, 82–83. Both doctors determined that Plaintiff had no manipulative limitations. Tr. 76, 83.

The ALJ found these opinions unpersuasive to the extent that they contained no manipulative limitations. Tr. 21–22. However, the ALJ found that the opinions were otherwise persuasive. Tr. 21. Accordingly, the ALJ limited Plaintiff to light work, which involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983). Light work also "requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." *Id.* at *6. "Sitting may occur intermittently during the remaining time." *Id.*

Courts refer to the definitional criteria set forth in SSR 83-10 when "constru[ing] the limitations indicated by an ALJ's RFC [assessment]." *Martin v. Kijakazi*, No. 20-548, 2021 WL 4129233, at *4 n.6 (M.D.N.C. Sept. 9, 2021) (collecting cases), *recommendation adopted*, 2021 WL 5999562 (M.D.N.C. Dec. 20, 2021). Having done so here, and having carefully reviewed the ALJ's decision, the Court finds that the ALJ's light-work RFC assessment reflected the persuasive exertional limitations set forth by Drs. Harris and Boas.

Apart from assigning weight to these opinions, the ALJ did not assess Plaintiff's exertional capabilities. But the Fourth Circuit has "rejected a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis" and has explained that remand "may be appropriate" when an ALJ "fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). No such issue exists here—Plaintiff identifies no unresolved evidentiary conflicts concerning exertional functions and the ALJ permitted meaningful review by incorporating the RFC assessments of persuasive sources into the ALJ's own RFC assessment. *See Sizemore v. Berryhill*, 878 F.3d 72, 80–81 (4th Cir. 2017) (holding that an ALJ adequately supported limitations in the RFC assessment by assigning persuasive value to the opinions of doctors who addressed the limitations in detail); *Onishea v. Barnhart*, 116 F. App'x 1, 2 (5th Cir. 2004) ("The ALJ based his assessment of [the claimant's] RFC, in part, on the state examiner's function-by-function analysis of her exertional limitations. Thus, the ALJ employed the legal standard set forth in . . . SSR 96–8p in [assessing] RFC."). Therefore, the ALJ's failure to conduct a function-by-function analysis does not warrant remand.

*Kelly S. v. Commissioner, Social Security Administration*
Civil No. SAG-23-1938
June 21, 2024
Page 4

## V. **CONCLUSION**

For the reasons set forth herein, the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge